United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Tanya Jones, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-22-1811 |
| § | |
| Martin O'Malley, § | |
| Commissioner of § | |
| Social Security, § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

On June 3, 2022, Plaintiff Tanya Jones filed her Complaint seeking review of the Social Security Commissioner's decision to deny her benefits. ECF No. 1. The Commissioner filed his Answer and the administrative record on October 12, 2023. ECF Nos. 12, 13. On the same day, the court entered a Briefing Schedule requiring Jones to file her motion for summary judgment by December 15, 2023. ECF No. 15. On December 18, 2023, Plaintiff requested an extension of time in which to file her motion, ECF No. 16, which the court granted, ECF No. 17. Plaintiff's extended deadline in which to file her motion for summary judgement was January 31, 2024. Plaintiff failed to file her motion or to seek an extension of time in which to do so. On March 29, 2023, the court entered an Order requiring Plaintiff to file by April 12, 2024, a response showing cause why her case should not be dismissed for want of prosecution. ECF No. 18. Plaintiff failed to file anything in response to the court's order.

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply

with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id*. at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" which requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. Id. at 802 (quoting *Berry*, 975 F.2d at 1191).

The court entered the briefing schedule on October 12, 2023. Jones has had plenty of time to file her motion. She has failed to file the motion, has failed to respond to the court's show cause order, and has failed to communicate with the court in any way since December 18, 2023. There is a clear record of delay. The court already entered a show cause order which did not prompt Plaintiff to prosecute her case. Because Jones is proceeding *pro se* a financial sanction is not likely to prompt diligent prosecution. Any lesser sanction will be futile and will not prompt diligent prosecution. The delay in this case is only the fault of the Plaintiff. She is proceeding *pro se*, so the delay cannot be blamed on her

counsel. Because Plaintiff has been able to communicate with the court in the past, her failure to prosecute this case does not appear to be the result of a miscommunication, so the court characterizes the delay as intentional.

Given the clear record of delay, the futility of other sanctions, and the aggravating factors, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). Thus, the court recommends that this case be dismissed with prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed on May 3, 2024, at Houston, Texas.

_____
Peter Bray
United States Magistrate Judge